UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Docket No. 4:19-cr-40017 |
| DEANA MARTIN | ) |
| TATIANA FRIDKES, | ) |
| | ) |
| Defendants | ) |
| | ) |

**<u>JOINT MEMORANDUM PURSUANT TO LOCAL RULE 116.5(b)</u>**

The United States of America and the defendants Deana Martin and Tatiana Fridkes ("Defendants") through their respective counsel, hereby submit this joint memorandum addressing Local Rule 116.5(b).[1]

**I.    Local Rule 116.5(b)(1)**

The United States produced automatic discovery pursuant to Fed. R. Crim. P. 16 and Rules 116.1(c) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts.   As of this date, there are no pending discovery requests.

**II.   Local Rule 116.5(b)(2)**

The United States will provide discovery in response to any future request(s) according to the local rules and pursuant to the Federal Criminal Rules of Criminal Procedure, including any supplemental discovery if any additional materials are obtained.   However, at this time, the United States does not expect to produce additional discovery, with the exception of discovery that falls within the scope of Local Rule 116.2(b)(2) (discovery that is provided not later than 21

---

[1] The Court has scheduled the October 17, 2019 hearing in this matter as a Final Status Conference, but the parties believe that it would be more fruitful to treat this as a further Interim Status Conference, and so have structured this report under L.R. 116.5(b) rather than L.R. 116.5(c).

days before the trial date), and discovery pursuant to 18 U.S.C. § 3500 (*Jencks* statements).

**III.     Local Rule 116.5(b)(3)**

The parties do not, at this time, anticipate any discovery requests.

**IV.     Local Rule 116.5(b)(4)**

At this time, the parties are not seeking any protective orders to prevent the disclosure or dissemination of sensitive information concerning victims, witnesses, defendants, or law enforcement sources or techniques.   The parties reserve the right to seek such orders in the future, should the need arise.

**V.      Local Rule 116.5(b)(5)**

The parties agree that, given the volume of discovery provided to date, the Defendants need additional time to review such discovery date before determining whether to file motions pursuant to Fed. R. Crim. P. 12(b).   **The parties anticipate that the Defendants will be prepared to address whether they will be filing any motions pursuant to Fed. R. Crim. P. 12(b) at the Final Status Conference.**

**VI.     Local Rule 116.5(b)(6)**

The Court has ordered that the United States shall provide expert disclosures 45 days prior to trial and that the Defendant will produce expert disclosures 21 days prior to trial.

**VII.    Local Rule 116.5(b)(7)**

Neither Defendant intends to present a defense of insanity, public authority, or alibi.

**VIII.   Local Rule 116.5(b)(8)**

The parties agree that the periods from May 21, 2019 through June 25, 2019, from June 25, 2019 through August 5, 2019, from August 5 through September 13, 2019, and from September 13 through October 17, 2019 were properly excluded, and that there are zero days of

non-excludable time under the Speedy Trial Act.   The parties further agree that the time period between October 17, 2019 and the Final Status cCnference should be excluded because this time will be used for purposes to include the review of discovery by the defense, discussion of any outstanding discovery issues by the parties, and assessment by the defense of possible pretrial motions.   Therefore, the parties request that this Court find that the ends of justice served by excluding the period of this continuance outweigh the best interest of the public and the defendant in a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A).

**IX.     Local Rule 116.5(b)(9)**

The parties have not engaged in plea discussions.   The United States expects that trial in this matter would last approximately ten days.

**IX.     Local Rule 116.5(b)(9)**

The parties request that a Final Status Conference date be established in November 2019.

Respectfully submitted,

| | |
|---|---|
| TATIANA FRIDKES | ANDREW E. LELLING<br>UNITED STATES ATTORNEY |
| By:  */s/   John Calcagni*    (by WFA)<br>       JOHN L. CALCAGNI<br>       One Custom House Street<br>       Suite 300<br>       Providence, RI 02903<br>       jc@calcagnilaw.com | By: */s/     William F. Abely*<br>       WILLIAM F. ABELY<br>       Assistant U.S. Attorney<br>       U.S. Attorney's Office<br>       One Courthouse Way, Ste. 9200<br>       Boston, Massachusetts 02210<br>       William.abely@usdoj.gov |
| DEANA MARTIN | |
| By:   */s/   R. Bradford Bailey* (by WFA)<br>       R. BRADFORD BAILEY<br>       44 School Street, Suite 1000B<br>       Boston, MA 02108<br>       brad@bradbaileylaw.com | |

Date: October 10, 2019

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                    */s/   William F. Abely*
                                    WILLIAM F. ABELY
                                    Assistant U.S. Attorney

Date:   October 10, 2019